UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R. HANS, | Case No. 1:19-cv-0622-JLT (PC) |
| Plaintiff, | **ORDER REQUIRING PLAINTIFF TO FILE A RESPONSE** |
| v. | (Doc. 1.) |
| U. BANIGA, et al., | |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff has filed a complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff's claims arose while he was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California. He names as Defendants Dr. U. Baniga, the CCI Chief Physician and Surgeon; the California Department of Corrections and Rehabilitation ("CDCR"); and Does 1-5. Plaintiff brings this action for violation of his Eighth Amendment rights, for which he seeks damages, injunctive relief, and declaratory relief. The parties are named in their individual and official capacities.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff has suffered from chronic hepatitis C for over 20 years. The failure to treat the condition and/or a delay in treating it can cause his condition to worsen.

Plaintiff began his period of incarceration in September 2017, presumably at CCI. Since that

time, Plaintiff has repeatedly sought treatment for his hepatitis C. However, each time that he submitted a healthcare request form or asked for treatment when speaking to a medical provider directly, he has either been denied care or promised care that he never received.

On September 18, 2018, Plaintiff submitted a health care grievance asking for treatment for his condition. On September 24, 2018, Dr. Baniga "facilitated a denial" of the grievance even though Dr. Baniga was aware of Plaintiff's chronic condition and repeated requests for treatment. Dr. Baniga, who is responsible for approving or denying medical care recommendations by subordinate medical providers, "relies upon unreasonable policies" in making these decisions.

The CDCR, which retains custody of Plaintiff, has failed to provide him with adequate medical care, in violation of Plata v. Schwarzenegger, N.D. Cal. C-01-1351.

**III.  Discussion**

Plaintiff's complaint does not state a claim for relief for several reasons, discussed below.

**A. Doe Defendants**

Plaintiff identifies five Doe Defendants in the caption of his pleading, but he fails to assert any allegations as to them. Plaintiff is informed that should he include defendants whose names are presently unknown to him, he must plead how each of the identified, though unnamed, defendants has violated his rights. See Jones v. Williams, 297 F.3d 930, 934 (2002) (under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (In order to state a cognizable claim, plaintiff must set forth specific factual allegations demonstrating how each defendant violated his rights.). The use of John Does in pleading practice is generally disfavored, but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).

"John Doe" defendant liability must also be properly alleged. Plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person. If Plaintiff chooses to file an amended complaint, he shall either name the

defendants involved or list the Doe defendants involved and describe what each did not violate his rights. If Plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 did Y." <u>Alexander v. Tilton,</u> 2009 WL 464486, at *5 (E.D. Cal. Feb. 24, 2009).

### B. Eleventh Amendment Immunity

Plaintiff also names the CDCR as a party. However, the Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54 (1996); <u>Hans v. Louisiana</u>, 134 U.S. 1, 10 (1890). This immunity applies regardless of whether a state or state agency is sued for damages or injunctive relief, <u>Alabama v. Pugh</u>, 438 U.S. 731, 732 (1978), and regardless of whether the plaintiff's claim arises under federal or state law, <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 121 (1984).

Though Congress may validly abrogate a state's sovereign immunity by statute, the Supreme Court has repeatedly emphasized that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 n.17 (1985); accord <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979).

Both the Ninth Circuit and the Supreme Court have recognized that the "State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." <u>Dittman v. California</u>, 191 F.3d 1020, 1025-26 (9th Cir. 1999); <u>see also</u> <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 241 (1985), superseded on other grounds by statute, Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d–7 (observing that the California Constitution does not waive the state's Eleventh Amendment immunity).

In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR and prisons within CDCR are immune from suit under the Eleventh Amendment. See, e.g., <u>Brown v. Cal. Dep't of Corrs.</u>, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); <u>Fulcher v. Cal. Dep't of Corrs.</u>, 297 Fed. App'x 645, 646 (9th Cir. 2008) ( "[T]he California Department of Corrections

4

... is a state agency that is immune from liability under the Eleventh Amendment."); cf. Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111-12 (9th Cir.2010) (affirming dismissal of complaint against CDCR because California had not constructively waived its sovereign immunity by accepting federal funds).

**C. Official Capacity Claims**

Plaintiff brings this suit against the Defendants in their official and individual capacities. Since the only individual identified in the pleading who has allegations asserted against him is Dr. Baniga, the Court considers the limits of an official capacity claim asserted against him.

A suit against a defendant in his or her individual capacity seeks to impose personal liability upon the official. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). By comparison, a suit against a defendant in his or her official capacity represents only another way of pleading an action against the entity that employs the defendant. Kentucky, 473 U.S. at 165. That is, the real party in interest is not the defendant named in his official capacity, but the entity that employs the defendant. Id. To bring a claim against an individual in his official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy, custom, or practice. Id.; Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978).

Plaintiff may not obtain damages from Dr. Baniga in his official capacity. See Hafer v. Melo, 502 U.S. 21, 27 (1991) ("State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."); see also Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). Therefore, Plaintiff's claim for money damages against Dr. Baniga is subject to dismissal insofar as it is asserted against him in his official capacity. However, a state official can be sued in his official capacity for prospective injunctive relief. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).

///

5

### D. Plata v. Schwarzenegger

Plaintiff makes several references to the class action case, Plata v. Schwarzenegger, case no. C–01–1351 TEH (N.D. Cal., filed Apr. 5, 2001). Insofar as Plaintiff seeks systemic changes for treatment of hepatitis C, the pending class action in Plata serve as a bar. Where a plaintiff is seeking injunctive relief on claims are subject to a consent decree, such claims must be pursued through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, C-98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Plaintiff may, however, pursue damages claims under section 1983, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), and he is not necessarily barred from seeking injunctive relief for his individual claim, Pride v. Correia, 719 F.3d 1130, 1137 (9th Cir. 2013). But he cannot receive systemic injunctive relief.

### E. Eighth Amendment Medical Indifference

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.

at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Plaintiff's allegations also do not state a claim. As the documents attached to the pleading demonstrate, plaintiff was seen by an ophthalmologist three times during the relevant period and at least once by his primary care doctor. While none of these medical professionals was able to determine the cause of plaintiff's facial pain, their mere failure to diagnose does not amount to a constitutional violation. Before it can be said that a prisoner's civil rights have been abridged regarding medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835. Furthermore, the decision to deny plaintiff's request for a referral to an ENT specialist suggests only a difference of opinion between himself and medical staff as to the proper course of treatment. This difference, however, cannot serve as the basis of an Eighth Amendment claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez

v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiffs allegations against Dr. Baniga are premised on this Defendant's role in the denial of treatment for Plaintiff's hepatitis C. Plaintiff alleges that Dr. Baniga "facilitated a denial" of Plaintiff's healthcare grievance and that this decision was based "upon unreasonable policies." These allegations, however, fail to set forth factual details to assess the viability of Plaintiff's Eighth Amendment claim. Without more, it is impossible for the Court to determine Plaintiff's claim is based solely on a difference of opinion as to the proper course of treatment for his condition. It is also impossible to discern what role specifically Dr. Baniga played in the provision of medical care for Plaintiff's hepatitis C and what role institutional regulations played in decisions regarding Plaintiff's treatment. Accordingly, Plaintiff fails to state a claim against Dr. Baniga.

**F. Failure to Exhaust**

Plaintiff admits in the complaint that he did not exhaust his administrative remedies prior to filing this action for fear of retaliation by institutional staff. As discussed infra, Plaintiff is forewarned that his complaint may be subject to a motion for summary judgment for failure to exhaust administrative remedies.

Plaintiff's claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the face of the complaint." Albino v. Baca,

747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v. Cal. Dep't of Corr. and Rehab., 474 Fed. Appx. 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

**IV. Conclusion**

As discussed, Plaintiff's complaint fails to state a claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the Court will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at

555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, the Court ORDERS:

1. Within thirty days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint.

**If Plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated: **October 31, 2019**         **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE